SCOTT C. POWERS (10976)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
Facsimile: (801) 363-0400
scp@scmlaw.com

IWANA RADEMAEKERS *(Pro Hac Vice Motion Pending)*
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
iwana@rademaekerslaw.com
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| MICHAEL LEHMAN,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>2:18-cv-00292-RJS<br><br>District Judge Robert J. Shelby |

Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), by and through its counsel, answers or otherwise responds to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Liberty Life upon which relief may properly be granted.

Liberty Life further responds to the specific allegations of the Complaint as follows:

## JURISDICTION AND VENUE

1. Liberty Life admits Plaintiff's claims are governed by Section 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)) and that the benefit plan at issue in this action is an "employee welfare benefits plan" as defined by ERISA. Liberty Life admits this Court has jurisdiction over this action. Liberty Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life admits that venue is proper in this Court. Liberty Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4. Liberty Life is without sufficient knowledge concerning Plaintiff's current residence to admit or deny allegations concerning that matter. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits that it is licensed to conduct business in the State of Utah. Liberty Life admits it issued Group Disability Income Policy Number GF3-840-444396-01 (the "Policy") to PacifiCorp. Liberty Life admits it was properly served in this action. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Liberty Life admits it issued the Policy to PacifiCorp and was the claims administrator for claims for benefits from the Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

## FACTS

7. Liberty Life admits Plaintiff was, at certain times, employed by PacifiCorp, and that PacifiCorp sponsored the Plan to provide disability benefits to certain of its employees. Liberty Life further admits Plaintiff was, at certain times, a participant in the Plan, which was, at certain times, insured, at least in part, by the Policy. Liberty Life admits PacifiCorp sponsored the Plan to provide disability benefits to certain of its employees. Liberty Life further admits the Plan was, at certain times, insured, at least in part, by the Policy. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. To the extent that the allegations contained in Paragraph 8 of the Complaint are an attempt to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its

contents. Liberty Life admits that the Policy includes language pertaining to the definition of "Disability" and "Own Occupation" as applicable to a participant's claim for benefits from the Plan under the Policy, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life admits that the Policy includes language pertaining to the definition of "Disability," "Own Occupation," and "Any Occupation" as applicable to a participant's claim for benefits from the Plan under the Policy, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits that certain documents concerning Plaintiff's birthdate are contained in the administrative record upon which Plaintiff's claim for benefits from the Plan was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 10 of the Complaint seek to interpret the provisions of the Policy, Liberty Life refers to the documents governing the Policy as the best evidence of their contents. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits Plaintiff's last day at work at PacifiCorp was on or about April 6, 2015. Liberty Life further admits Plaintiff was, at certain times, a participant in the Plan. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Plan under the Policy.

13. Liberty Life admits that it sent a letter dated September 8, 2017, to Plaintiff and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. To the extent that the allegations contained in Paragraph 14 of the Complaint are legal conclusions, Liberty Life is not required to answer. Liberty Life admits it received a letter from Plaintiff, appealing the denial of Plaintiff's claim for further benefits from the Plan, along with additional documentation, which is contained in the administrative record, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life admits it sent a letter to Plaintiff's counsel dated December 22, 2017, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative

remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life admits it sent a letter to Plaintiff dated December 22, 2017, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Liberty Life denies all allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life denies all allegations contained in Paragraph 18 of the Complaint.

19. Liberty Life denies all allegations contained in Paragraph 19 of the Complaint.

20. Liberty Life admits it issued the Policy to PacifiCorp and was, at certain times, the claims administrator for claims for benefits from the Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Liberty Life admits it issued the Policy to PacifiCorp and was, at certain times, the claims administrator for claims for benefits from the Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Liberty Life denies all allegations contained in Paragraph 22 of the Complaint.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS AGAINS ALL DEFENDANTS
## PURSUANT TO 29 U.S.C. § 1132(A)1(B)

Liberty Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 22 of the Complaint as though fully set forth herein, and answers further as follows:

23. To the extent that the allegations contained in Paragraph 23 of the Complaint are an attempt to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Liberty Life denies all allegations contained in Paragraph 24 of the Complaint.

25. Liberty Life admits that, at certain times, Plaintiff received benefits from the Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Liberty Life denies all allegations contained in Paragraph 26 of the Complaint.

27. Liberty Life denies all allegations contained in Paragraph 27 of the Complaint.

28. Liberty Life denies all allegations contained in Paragraph 28 of the Complaint.

29. Liberty Life denies all allegations contained in Paragraph 29 of the Complaint.

30. Liberty Life denies all allegations contained in Paragraph 30 of the Complaint.

Liberty Life denies all allegations contained in of the Prayer of the Complaint, including Paragraphs 1-5 thereunder, and denies all allegations contained in the Complaint not specifically admitted herein.

**SECOND DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff's claim for prejudgment interest under state law is preempted by ERISA.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by waiver, estoppel, or laches.

## FIFTH DEFENSE

The standard of review by the District Court in this case should be whether the decision on Plaintiff's claim for benefits was an abuse of discretion because the relevant plan documents contain sufficient discretionary language.

## SIXTH DEFENSE

Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy, which require offset and/or repayment of any award of other income or benefits received by Plaintiff, including but not limited to any disability benefits Plaintiff receives from the Social Security Administration on behalf of herself or her dependent(s) and any disability benefits Plaintiff receives from any commercial disability policy or workers' compensation policy or plan.

## SEVENTH DEFENSE

Liberty Life expressly reserve the right to amend this Answer to assert such additional affirmative defenses as may appear appropriate on initial Rule 26 disclosures or following discovery in this matter.

## EIGHTH DEFENSE

Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

## NINTH DEFENSE

The Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

## TENTH DEFENSE

Defendant reserves the right to assert additional defenses.

WHEREFORE, Liberty Life prays that Plaintiff's Complaint and action against it be dismissed with prejudice, that Liberty Life be awarded its costs and attorneys' fees herein pursuant to 29 U.S.C. § 1132(g), and Liberty Life be awarded such other relief to which it may show itself entitled.

Dated the 2nd day of May, 2018.

Respectfully submitted,

**SNOW CHRISTENSEN & MARTINEAU**

By: /s/ *Scott C. Powers*
Scott C. Powers
*Counsel for Defendant*

Liberty Life's Address:
175 Berkeley Street, Mail Stop M06D
Boston, MA 02116