Andrew Reichardt, Utah Bar # 11343
Attorney for Michael Lehman
5330 South 900 East, Suite 115
Salt Lake City, UT 84117
(801) 261-3400
andrew@utdisability.com

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | | |
|---|---|---|
| MICHAEL LEHMAN, | § | |
| Plaintiff, | § | **SCHEDULING ORDER MEETING REPORT** |
| v. | § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | § | Civil Action No. 2:18-cv-00292-RJS-EJF |
| Defendant. | § | Magistrate Judge Evelyn J. Furse |

Pursuant to Fed.R. Civ P. 16(b), the Judge received the Attorneys' Planning Report filed by counsel. The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court.

IT IS ORDERED an Initial Pretrial Hearing is not necessary.

| | | | |
|---|---|---|---|
| **1.** | | **PRELIMINARY MATTERS** | **DATE** |
| | | Nature of claims and any affirmative defenses: | |
| | a. | Was Rule 26(f)(1) Conference held? | 05/15/2018 |
| | b. | Has Attorney Planning Meeting Form been submitted? | 05/17/2018 |
| | c. | Was 26(a)(1) initial disclosure completed? | 09/18/2018 |
| **2.** | | **DISCOVERY LIMITATIONS** | **NUMBER** |
| | a. | Maximum Number of Depositions by Plaintiff(s) | N/A |
| | b. | Maximum Number of Depositions by Defendant(s) | N/A |
| | c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | N/A |

| | | | |
|---|---|---|---|
| d. | Maximum Interrogatories by any Party to any Party | | N/A |
| e. | Maximum requests for admissions by any Party to any Party | | N/A |
| f. | Maximum requests for production by any Party to any Party | | N/A |
| g. | Discovery of electronically stored information should be handled as follows: | | |
| h. | Claim of privilege or protection as trial preparation material asserted after production shall be handled as follows: *Include provisions of agreement to obtain the benefit of Fed. R. Evid. 502(d).* | | |
| **3.** | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1] | | **DATE** |
| a. | Last Day to File Motion to Amend Pleadings | Plaintiff | 10/09/2018 |
| | | Defendant | 10/23/2018 |
| b. | Last Day to File Motion to Add Parties | Plaintiff | 10/09/2018 |
| | | Defendant | 10/23/2018 |
| **4.** | **RULE 26(a)(2) REPORTS FROM EXPERTS**[2] | | **DATE** |
| a. | Plaintiff | | N/A |
| b. | Defendant | | N/A |
| c. | Counter reports | | N/A |
| **5.** | **OTHER DEADLINES** | | **DATE** |
| a. | Discovery to be completed by: | | |
| | Fact discovery | | N/A |
| | Expert discovery | | N/A |
| b. | *(optional)* Final date for supplementation of disclosures and discovery under Rule 26 (e) | | |
| c. | Deadline for filing dispositive or potentially dispositive motions | Plaintiff | 12/12/2018 |
| | | Defendant | 12/12/2018 |
| | | Plaintiff's Response | 01/16/2019 |

| | | | |
|---|---|---|---|
| | | Defendant's Response | 01/16/2019 |
| **6.** | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | | **DATE** |
| a. | Referral to Court-Annexed Mediation: | *Yes/No* | No |
| b. | Referral to Court-Annexed Arbitration | *Yes/No* | No |
| c. | Evaluate case for Settlement/ADR on | | |
| d. | Settlement probability: | | Cannot be determined at this time |

***Specify # of days for Bench or Jury trial as appropriate.***
***Shaded areas will be completed by the court.***

| | | | | |
|---|---|---|---|---|
| **7.** | **TRIAL AND PREPARATION FOR TRIAL** | | **TIME** | **DATE** |
| a. | Rule 26(a)(3) Pretrial Disclosures[3] | | | |
| | Plaintiff | | | *00/00/00* |
| | Defendant | | | *00/00/00* |
| b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | | *00/00/00* |
| c. | Special Attorney Conference[4] on or before | | | *00/00/00* |
| d. | Settlement Conference[5] on or before | | | *00/00/00* |
| e. | Final Pretrial Conference | | ___:__ _.m. | *00/00/00* |
| f. | Trial | Length | Not requested at this point. | |
| | i. Bench Trial | *# days* | ___:__ _.m. | *00/00/00* |
| | ii. Jury Trial | *# days* | ___:__ _.m. | *00/00/00* |

**8. OTHER MATTERS**

Counsel should contact chambers staff of the judge presiding in the case regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.

Signed ______________________________, 2018.

BY THE COURT:

___________________________
Magistrate Evelyn J. Furse
United States Judge

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[2] A party shall disclose the identity of each testifying expert and the subject of each such expert's testimony at least 60 days before the deadline for expert reports from that party. This disclosure shall be made even if the testifying expert is an employee from whom a report is not required.

[3] Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

[4] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. Witnesses will be scheduled to avoid gaps and disruptions. Exhibits will be marked in a way that does not result in duplication of documents. Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

[5] The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.